

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
MAR 02 2017

| TRAVIS RAY MCPEEK, | 4:17-CV-04015-RAL |
|---|---|
| Plaintiff, | |
| vs. | |
| BON HOMME COUNTY SHERIFF KELSEY; PENNINGTON COUNTY STEPHANIE BORN; NORTHWEST SHUTTLE, UNKNOWN AGENT; MARICOPA COUNTY SHERIFF, FABIO MORAN, | OPINION AND ORDER SCREENING CASE AND GRANTING LEAVE TO AMEND |
| Defendants. | |

Plaintiff Travis R. McPeek ("McPeek"), an inmate at the Yankton County Jail in Yankton, South Dakota, filed this lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. This Court has screened his complaint pursuant to 28 U.S.C. § 1915A. For the following reasons, the Court grants McPeek leave to amend his complaint.

## I. FACTS ALLEGED IN THE COMPLAINT[1]

On January 4, 2017, McPeek signed an extradition agreement that he alleges allowed Bon Homme County, South Dakota to transport him. Doc. 1 at 4. On January 12, 2017, McPeek was placed on a Northwest Shuttle and transferred. *Id.* He alleges that he was mistreated during the transport. *Id.* at

---

[1] This Court makes no findings of fact at this point in the case. The matters set forth in this section are taken from the factual allegations pled in McPeek's Complaint, which this Court must take as true on initial screening.

5-6. He appears to allege that he was denied the use of a bathroom, he was shackled, he was stripped searched, and he was booked into county jails without charges pending in those counties. *Id.* at 5. McPeek also alleges that his medical needs were ignored, that he was denied medication, that he has myofascial muscle and tissue damage, fibromyalgia, and that he was recently shot five times. *Id.* at 6.

On February 13, 2017, McPeek filed a complaint pursuant to 28 U.S.C. § 1983. He raises three claims and names as defendants those who he alleges were involved in the arrangements for the transport. *Id.* at 4. As relief, McPeek requests monetary damages of $12 million. *Id.* at 7. McPeek also requests that he be appointed counsel to aid him with his lawsuit. *Id.*

## II. LEGAL STANDARD

At this stage of the case, this Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

2

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

Under 28 U.S.C. § 1915A, this Court must screen prisoner claims filed in forma pauperis and determine whether they are (1) "frivolous, malicious, or fail[ ] to state a claim on which relief may be granted; or (2) seek[ ] monetary relief from a defendant who is immune from such relief." *See also Onstad v. Wilkinson*, 534 F. App'x 581, 582 (8th Cir. 2013).

### III.   DISCUSSION

#### A.   Screening Under § 1915A

McPeek's complaint raises three claims. He claims that defendants violated his rights under the Fourteenth Amendment by illegally transferring him, by mistreating him during the transfer, and by denying him medical treatment during the transfer. McPeek does not allege which defendants committed which acts.

##### 1.   Count I – Illegal Transfer

McPeek claims that defendants violated his Fourteenth Amendment rights by illegally transferring him. According to the complaint, McPeek signed a document agreeing to be transferred, but he claims that he only agreed to be transferred by Bon Homme County. Doc. 1 at 4. McPeek, however, does not have a constitutional right to be transferred by a certain entity. Therefore, he

3

fails to state a claim upon which relief may be granted, and Count I is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 2. Count II – Mistreatment

McPeek claims that defendants violated his Fourteenth Amendment rights by mistreating him during the transfer. Doc. 1 at 5. He alleges that these actions violated his right to be free from excessive force. *Id.* "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Connor*, 490 U.S. 386, 394 (1989). The United States Court of Appeals for the Eighth Circuit has recognized different scenarios in which an excessive force claim may arise, differentiating by when in the criminal process the force was used. Where the excessive force claim arises during "pretrial detention," protections of the Fourteenth Amendment are invoked. *Walton v. Dawson*, 752 F.3d 1109, 2014 WL 2053835, at *4 (8th Cir. 2014). Here, McPeek's excessive force claim stems from force used while he was being transferred before trial, making it a claim under the Fourteenth Amendment.

To state an excessive force claim under the Fourteenth Amendment, a pretrial detainee must show "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

4

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

McPeek has not alleged facts showing the defendants were objectively unreasonable. He seems to allege that he was denied use of a bathroom, shackled during transport, and strip searched. Doc. 1 at 5. None of these actions are necessarily unreasonable while transferring a prisoner, and McPeek offers no explanation as to why they were unreasonable.

McPeek's complaint seems to allege that he was strip searched. *Id.* "A search of the detainee's person when he is booked into custody may 'involve a relatively extensive exploration,' including 'requir[ing] at least some detainees to lift their genitals or cough in a squatting position[.]'" *Maryland v. King*, 133 S. Ct. 1958, 1978 (2013) (quoting *United States v. Robinson*, 414 U.S. 218, 227 (1973); *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 334 (2012)). In *Florence*, the Court recognized that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities." *Id.* at 1517. Correctional officials are given wide latitude to create policies in the interest of their facilities' security. *Id.*

McPeek's allegations suggest something more than the search explained in *King*. However, his allegations are not clear. He does not allege who searched

5

him, where, in what context, and to what extent. He does not clearly allege a search; that is merely what the Court believes he is alleging in the claim concerning his treatment during the transfer. Therefore, McPeek fails to state a claim upon which relief may be granted, and his claim based on his treatment is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 3. Count III – Medical Care

McPeek alleges that he was denied adequate medical care during his transfer. Doc. 1 at 6. "[A] prison official who is deliberately indifferent to the medical needs of a prisoner violates the prisoner's constitutional rights." *Letterman v. Does*, 789 F.3d 856, 861 (8th Cir. 2015). To state a deliberate indifference claim, plaintiffs must show "a substantial risk of serious harm to the victim," and "that the prison official was deliberately indifferent to that risk of harm . . . ." *Id.* at 861-62 (citing *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)).[2]

McPeek does not state a deliberate indifference claim. He alleges that he has medical issues and his medical needs were ignored, but he does not explain how the needs came up, who ignored them, or whether they were aware of the risk of harm. His allegations are too vague to state a claim upon which relief may be granted. Therefore, his claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

---

[2] *See Teague v. Rice*, 561 F. App'x 567, 568 (8th Cir. 2014) (citing *Hartsfield v. Colburn*, 371 F.3d 454, 456–57 (8th Cir. 2004) as stating, "[P]retrial detainees' claims are evaluated under Due Process Clause rather than Eighth Amendment; however, [the] same deliberate-indifference framework applies to inadequate-medical-care claims under either constitutional provision")

6

**B.     Leave to Amend**

McPeek fails to state a claim in his complaint. However, his allegations suggest that he may have a cognizable claim; he has merely failed to state it properly. Therefore, the court grants McPeek leave to amend his complaint. He may file an amended complaint that rectifies the deficiencies outlined in this order. He shall have until April 3, 2017, to file his amended complaint, or his case will be dismissed.

**C.     Motion to Appoint Counsel**

In his complaint, McPeek requests that counsel be provided to assist him in his case. Doc. 1 at 7. The court construes this as a motion to appoint counsel. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel in a pro se litigant's civil case, the Court considers the complexity of the case and the litigant's ability to present his claim. *Id.* McPeek's claims are not complex, and it is not clear whether he is able to state a claim. Therefore, it is inappropriate to appoint counsel at this time, and his motion is denied.

The Court is aware that this situation may change as litigation progresses. As the Eighth Circuit instructs, the Court will "be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

7

## IV. ORDER

Accordingly, it is ORDERED

1. McPeek may file an amended complaint by April 3, 2017, and, if he fails to do so, his case will be dismissed.

2. McPeek's Motion to Appoint Counsel (Doc. 1 at 7) is denied.

Dated March 2, 2017.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE